## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHANIE JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MINNESOTA and TED SWEM,<br><br>Defendant. | Civil No. 13-1548 (JRT/SER)<br><br>**AMENDED MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND DEFENDANT'S MOTION FOR NEW TRIAL** |

Joseph A. Larson, **JOSEPH A. LARSON LAW FIRM PLLC**, 880 Sibley Memorial Highway Suite 110, Mendota Heights, MN 55118, David E. Schlesinger and Janet M. Olawsky, **NICHOLS KASTER, PLLP**, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402, for plaintiff.

Thomas Edward Hayes, **LAW OFFICE OF THOMAS E. HAYES**, 161 West Wisconsin Avenue #3032, Milwaukee, WI 53203, for defendant Ted Swem.

Plaintiff Stephanie Jenkins seeks a total of $801,545.00 in attorneys' fees and $18,954.73 in costs from Defendant Ted Swem following a favorable jury verdict on Jenkins's 42 U.S.C. § 1983 claim. Swem opposes the motion, arguing that the requested fees are unreasonable and excessive. Considering all reasonableness factors, the Court will grant in part Jenkins's motion, awarding $305,003.21 in attorneys' fees and $18,954.73 in costs.

Swem also moves for a new trial, arguing that the Court erred in deciding that Swem acted under the color of state law, rather than submitting the issue to the jury.

Because the Court finds no error in its prior decisions, it will deny Swem's motion for a new trial.

**BACKGROUND**

Stephanie Jenkins filed this suit in July 2013, represented by attorney Joseph A. Larson,[1] against Swem, the University of Minnesota (the "University"), and two University employees. (*See* Compl., June 24, 2013, Docket No. 1.) Jenkins asserted various civil rights, constitutional, and tort claims based on Swem's sexual harassment and the University's alleged inaction regarding the reported harassment. (*Id.* ¶¶ 117-89.) Swem, an employee of the U.S. Fish and Wildlife Service ("USFWS"), worked alone with Jenkins performing research in Northern Alaska when the advances were made. (*Id.* ¶¶ 21-22, 27, 32, 56.) The Court dismissed the claims against the University employees relatively early in litigation, leaving only the University and Swem as defendants. (Order for Dismissal with Prejudice, Jan. 24, 2014, Docket No. 85 (dismissing claims against Patricia Kennedy with prejudice)); *Jenkins v. Univ. of Minn.*, 131 F. Supp. 3d 860, 887 (D. Minn. 2015) (granting summary judgment on claims against David Andersen).

After the Court denied Swem's motion for summary judgment on Jenkins's hostile work environment claim (Count VI), Swem filed an interlocutory appeal. (Notice of Interlocutory Appeal, Oct. 6, 2015, Docket No. 207.) At that time, Jenkins hired additional counsel – David E. Schlesinger and Janet M. Olawsky – with "appellate and

---

[1] Larson is a solo practitioner at the Joseph A. Larson Law Firm. (Aff. of Joseph A. Larson ("Larson Aff.") ¶ 1, Apr. 11, 2017, Docket No. 327.)

trial expertise."[2] (Aff. of Joseph A. Larson ("Larson Aff.") ¶ 10, Apr. 11, 2017, Docket No. 327.) The Eighth Circuit affirmed the Court's decision and held Swem was not entitled to qualified immunity. *Jenkins v. Univ. of Minn.*, 838 F.3d 938, 947-48 (8th Cir. 2016).

In total, four counts remained at trial: hostile work environment against the University (Count V); hostile work environment against Swem (Count VI); intentional infliction of emotional distress against Swem (Count VII); and assault against Swem (Count IX). The Court dismissed Count IX at the close of trial. Then, the jury returned a verdict in favor of Jenkins on Count VI against Swem, but found in favor of Swem and the University on the remaining counts. (Special Verdict at 1-2, Mar. 17, 2017, Docket No. 316.) The jury awarded Jenkins $1.00 in damages. (*Id.* at 2.)

On April 11, 2017, Jenkins moved for attorneys' fees and costs pursuant to 42 U.S.C § 1983 and Rule 54(d)(1) and 54(d)(2) of the Federal Rules of Civil Procedure. Jenkins requests $570,617.50[3] in fees for Larson, $230,927.50 in fees for Schlesinger and Olawsky, and $18,914.73 in costs. (Larson Aff., Ex. 1 at 26; Aff. of David E. Schlesinger, Ex. 1 at 12, Apr. 11, 2017, Docket No. 328; Bill of Costs at 1, Apr. 11, 2017, Docket No. 332.) On April 25, 2017, Swem moved for a new trial as to liability only.

---

[2] Schlesinger and Olawsky are attorneys at Nichols Kaster, PLLP. (Aff. of David E. Schlesinger ¶¶ 1-2, Apr. 11, 2017, Docket No. 328.)

[3] While Larson states that he seeks reimbursement for 1200 hours, for a total of $570,000.00, the itemized list relied upon appears to include 1201.3 hours, for a total of $570,617.50 and thus, the Court will use that figure. (*See* Larson Aff., Ex. 1.)

## ANALYSIS

I. **MOTION FOR ATTORNEYS' FEES AND COSTS**

   A. **Jenkins's Entitlement to Attorneys' Fees**

Under 42 U.S.C § 1988, a prevailing party in a § 1983 action may seek attorneys' fees and costs in order to provide "'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, at 1 (1976)). "[A] plaintiff 'prevails' when actual relief on the merits of his [or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). "[A] plaintiff who wins nominal damages is a prevailing party under § 1988." *Id.* at 112.

While Swem does not specifically contest that Jenkins was a prevailing party, Swem argues that Jenkins's victory was technical and that any attorneys' fees awarded would be unreasonable. To support his argument, Swem cites *Milton v. Des Moines*, 47 F.3d 944, 945 (8th Cir. 1995). In *Milton*, the Eighth Circuit found no abuse of discretion where a district court denied a plaintiff's motion for attorneys' fees following a nominal damages award. *Id.* at 945-47. The Eighth Circuit explained that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at 945 (quoting *Farrar*, 506 U.S. at 115). But the court also noted that this principle is not absolute, and "the technical nature of a nominal damages award . . . goes to the

reasonableness of the fee award . . . [and] the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 946 (alteration in original) (quoting *Farrar*, 506 U.S. at 114).

Here, the Court finds that Jenkins's victory is not merely technical because it fundamentally changed the relationship between Jenkins and Swem. Swem has maintained, and the presumption throughout litigation is, that Swem's conduct was not impermissible under § 1983. However, the jury's verdict in this case confirms that Swem's conduct was illegal, which changes the relationship between the parties. Preventing sexual harassment to enable broad participation of all genders in the workforce is an important public goal. *See City of Riverside v. Rivera*, 477 U.S. 561, 579 (1986) ("Regardless of the form of relief he [or she] actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards."). The jury's judgment that Swem engaged in impermissible conduct is neither technical nor *de minimis*. Accordingly, although the Court will consider the degree of success in determining the reasonableness of the attorneys' fees, the Court rejects Swem's argument that Jenkins's victory was only technical or *de minimis* and did not entitle her to attorneys' fees in any amount.

### B. Determining Reasonableness.

The district court has "broad discretion" in awarding attorneys' fees. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended

by the reasonable hourly rates." *Id.* (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). In determining the number of hours reasonably expended, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37.

Reasonableness of the award depends on twelve primary factors laid out in the legislative history.[4] *Id.* at 430 n.3. However, "the most critical factor is the degree of success obtained." *Id.* at 436. Accordingly, "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440. That said, plaintiffs are not precluded from seeking compensation for fees attributable to both successful claims and unsuccessful claims, instead the court asks whether "but for" the fees the success would have been possible. *Fox v. Vice*, 563 U.S. 826, 838-40 (2011) (remanding to determine if incurred expenses would be necessary for both frivolous federal claims and non-frivolous state claims).

Here, Swem does not specifically challenge the hourly rates that any attorney assessed or the application of the hourly rates in this case, and the Court finds the hourly

---

[4] These factors include:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

- 6 -

rates to be reasonable. Swem, instead, challenges certain individual fees explicitly and also broadly contends that the fees are unreasonable and excessive. In light of Swem's arguments, the Court has broadly categorized each fee and will reduce the fee category, considering Swem's challenges and only awarding fees the Court finds were necessary for Jenkins's successful claim. For the reasons discussed below, the Court will reduce the requested fees as shown in the following charts:

| Fees for Joseph A. Larson Firm PLLC | Pre-Nichols Kaster PLLP Amount Requested | Post-Nichols Kaster PLLP Amount Requested | Total Awarded |
|---|---|---|---|
| Early Litigation | $188,622.50 | $38,807.50 | $72,490.61 |
| Swem Motions | $84,550.00 | $807.50 | $42,598.00 |
| Appeal | $855.00 | $76,190.00 | $61,807.00 |
| Trial | $4,417.50 | $165,490.00 | $54,723.80 |
| Unclear/Unnecessary | $10,877.50 | $0.00 | $0.00 |
| TOTAL | $289,322.50 | $281,295.00 | **$231,619.41** |

| Fees For Nichols Kaster PLLP | Amount Requested | Total Awarded |
|---|---|---|
| Early Litigation | $5,450.00 | $1,258.95 |
| Swem Motions | $10,350.00 | $3,622.50 |
| Appeal | $19,682.50 | $13,777.75 |
| Trial | $195,445.00 | $54,724.60 |
| TOTAL | $230,927.50 | **$73,383.80** |

1. **Number of Attorneys**

Swem asks the Court to reduce Jenkins's fee award based on the unreasonable number of attorneys who worked on her case. However, the number of attorneys alone does not affect the reasonableness analysis; what matters is the number of efficient hours worked on non-duplicative services. *A.J by L.B. v. Kierst*, 56 F.3d 849, 863-64 (8th Cir. 1995); *Dorr v. Weber*, 741 F. Supp. 2d 1022, 1035 (N.D. Iowa 2010) ("Thus, although

there is no per se rule that only one attorney should try a simple § 1983 claim or only one attorney should be compensated pursuant to § 1988, the proper question is whether the application is reasonable, eliminating inefficiencies or duplications that might arise from use of more than one attorney."). Beyond that, employing more than one attorney on a contingency basis to provide greater expertise in civil rights litigation, especially on appeal and at trial, is reasonable and even desirable. *A.J.*, 56 F.3d at 863-64.

There is, however, some duplication of effort when additional attorneys are brought into a case, and those fees should be reduced. *Id*. While it is not unreasonable for two attorneys to discuss a case, bringing new attorneys into a case, as here, requires the new attorneys to familiarize themselves with the case, which can be time consuming. The Court will therefore reduce Larson's total fee award by 20 percent after Schlesinger and Olawsky joined the litigation, finding that roughly 20 percent of his time was duplicated and dedicated to conferences with co-counsel that were not independently necessary for success on Count VI. The Court will also reduce Schlesinger and Olawsky's fees by 30 percent, finding that roughly 30 percent of their work was duplicative of work already performed by Larson and not independently necessary for success on Count VI. All later fee totals discussed will include these reductions.

### 2. Early-Litigation Fees

Swem contends that Larson improperly assessed approximately one-half of the early-litigation fees against him when the fees should have been distributed evenly among all of the defendants asserted in the Complaint. The Court, however, finds that

attributing approximately one-half of the early-litigation fees to Swem was reasonable. Many of the activities undertaken prior to filing the complaint were necessary for Jenkins's victory on Count VI, including gathering factual information, conducting research, and drafting the complaint. Jenkins is not barred from seeking compensation for the entirety of the fee when an attorney's time serves a dual purpose on a successful and unsuccessful claim. *Fox*, 563 U.S. at 840-41.

Beyond that, Swem's actions toward Jenkins formed the foundation of the complaint and, therefore, necessitated a large portion of the fees amassed during research, discovery, and ongoing litigation. Necessarily, Jenkins spent most of the prehearing and pretrial preparation building a case against Swem because, without winning Count VI, success on the other counts would have been nearly impossible. While preparation costs, such as discussing the case with the client, preparing for depositions, and phone conferencing with a therapist helped to build the case against the other defendants, these fees were necessary to prevail at trial on the successful claim.

That said, Jenkins did not achieve a great success during litigation, and the early-litigation fees should be reduced to reflect the outcome at trial. *Hensley*, 461 U.S. at 430. Here, the Court will reduce early-litigation fees to one-third of the requested value, considering the limited nature of Jenkins's success. This brings the early-litigation fees to $72,490.61 for Larson and $1,258.95 for Schlesinger and Olawsky.

### 3. Appeals Fees

The Court finds all attorneys' fees associated with Swem's appeal were necessary for Jenkins to prevail on Count VI and reasonable given the victory obtained on interlocutory appeal. Moreover, because Swem was the only party appealing, all fees related to the appeal are attributable to Swem and not to any other defendant. Therefore, after accounting for duplication in effort, the Court will assess 100 percent of the fees associated with the appeal against Swem, resulting in $61,807.00 in fees for Larson and $13,777.75 in fees for Schlesinger and Olawsky.

### 4. Responses to Swem's Motions

Swem engaged in significant motion practice, some of which was excessive, throughout the pretrial period, increasing the length and cost of litigation. Swem filed numerous motions, some of which were duplicative, as well as extensions for time to respond.[5] Each contested motion and hearing during litigation led to Jenkin's ultimate victory, and thus each is, in part, necessary for success. Therefore, the Court will award 100 percent of the attorneys' fees associated with Swem's motion practice, resulting in $42,598.00 to Larson and $3,622.50 to Schlesinger and Olawsky.

---

[5] (*See, e.g.*, Mot. to Substitute the U.S. as a Def., Nov. 1, 2013, Docket No. 43; Mot. to Dismiss, Nov. 1, 2013, Docket No. 48; Mot. to Dismiss Count VI, Jan. 15, 2014, Docket No. 78; Mot. to Stay Disc., Mar. 19, 2014, Docket No. 91; Mot. for Review of Magistrate Judge Order Den. Def.'s Mot. to Stay Disc., Apr. 14, 2014, Docket No. 101; Mot. for Summ. J., Dec 1, 2014, Docket No. 137; Am. Mot. for Summ. J., Mar. 27, 2015, Docket No. 185.)

### 5. Trial & Pretrial Settlement Negotiations

Swem argues that the Court should reduce Jenkins's fees related to trial and pretrial settlement negotiations because they were unreasonable and related to both the University and Swem. At the pretrial settlement conference and at trial, four claims remained against the University and Swem. The parties discussed many of the same topics in relation to claims against both the University and Swem. It is impossible to know the exact amount of time and expense Jenkins spent in relation to Count VI, as the claims were intertwined and often indistinguishable. Furthermore, the settlement negotiations involved both the University and Swem and the parties failed to reach an acceptable settlement. The Court estimates that roughly 20 percent of the time at trial and during the settlement process related specifically to Count VI. The Court approximates that Jenkins spent an additional 60 percent of the time at trial and during the settlement process devoted to evidence and fact finding necessary for all claims, including Count VI. Thus, in total, approximately 80 percent of pretrial settlement and trial fees are attributable to Swem. Given that Jenkins failed to prove damages regarding her claim, the Court will only award 40 percent of all settlement, trial preparation, and trial fees against Swem. The Court, therefore, awards $54,723.80 to Larson and $54,724.60 to Schlesinger and Olawsky for trial and settlement fees.

### 6. Unclear or Unnecessary Activities

Based exclusively on the attorney log descriptions, ascertaining the exact nature of work performed is difficult. A fee should not be assessed against Swem if it cannot be

determined that it was necessary for Jenkins to prevail at trial. Swem objects to a number of specific entries, and while Swem does not make explicit arguments for why each entry listed should be excluded, the Court is responsible for awarding "reasonable" attorneys' fees necessary to prevail on the successful claims. *See* 42 U.S.C. § 1988(b). The Court has reviewed Jenkins's request and will not asses certain fees,[6] totaling $10,877.50, against Swem because they were unclear, unreasonable, or unnecessary to the successful claim.

---

[6] Including the following fee entries:

- 12/8/2014 – "Review emails from A. Voss and T. Hayes re: request for extension of time to answer six motions for summary judgment." (Larson Aff., Ex. 1 at 10.)

- 3/6/2015 – "Review Order from Court re: T. Swem's motion for additional lines (.2); review and respond to email from A. Voss re: extension for time to file reply brief (.2)." (*Id.* at 12.)

- 4/9/2015 – "Prepare for phone hearing with Judge Tunheim and opposing counsel re: T. Swem's request for additional lines." (*Id.* at 13.)

- 4/10/2015 – "Phone hearing with Judge Tunheim re: Swem's request for additional lines (.5); review email correspondence from A. Voss re: hearing (.2); begin drafting memorandum in opposition to T. Swem's Motion for Summary Judgment on tort claims (2.0)." (*Id.*)

- 4/11/2015 – "Conduct research and continue drafting memorandum in opposition to T. Swem's Motion for Summary Judgment on tort claims." (*Id.*)

- 4/12/2015 – "Conduct research and continue drafting memorandum in opposition to T. Swem's Motion for Summary Judgment on tort claims." (*Id.*)

- 4/13/2015 – "Finalize Plaintiff's responsive memoranda to T. Swem's Motion for Summary Judgment on tort claims; draft accompanying documents; revise the same; file the same with the Court." (*Id.*)

### 7. Conclusion

In sum, the Court will award $231,619.41 in fees to Larson and $73,383.80 in fees to Nichols Kaster, for a total of $305,003.21.

## II. REQUEST FOR COSTS

Under Fed. R. Civ. P. 54(d)(1), the Court should tax costs in favor of a prevailing party.[7] Congress listed the expenses that may be taxed in 28 U.S.C. § 1920. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009).

> Under § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court appointed experts and interpreters.

*Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (citing § 1920). The Court "has substantial discretion in awarding costs to a prevailing party under" Rule 54(d) and § 1920. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992)).

Swem challenges Jenkins's request for costs related to depositions, arguing Jenkins took the depositions to support the unsuccessful claims. For the same reasons discussed above, there is substantial overlap in Jenkins's claims, and the Court finds the relevant depositions were necessary for Jenkins's success on the Count VI. Swem also

---

[7] The analysis for attorneys' fees and costs is the same with regard to the prevailing party analysis. *See Coleman v. Turner*, 838 F.2d 1004, 1005 (8th Cir. 1988) ("It has long been the law that the district court has the power to award costs to successful parties even where the parties prevail only to the extent of nominal damages." (citations omitted)). Thus, the Court rejects Swem's argument that the Court should not award costs based on Jenkins's limited success for the same reasons discussed above.

argues that the depositions costs are unwarranted because some depositions, or portions of depositions, were not used at trial. However, "[e]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [the] case' and was not 'purely investigative.'" *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (quoting *Zotos*, 121 F.3d at 363). The Court finds that the deposition costs assessed against Swem were used in the case and therefore the Court taxes all deposition costs against Swem.

Swem lacks other specific objections to Jenkins's requested costs. Upon review, the Court finds the costs reasonable and recoverable under § 1920, 28 U.S.C. § 1821, or as attorneys' fees under § 1988. *See Jenkins v. Kansas City Mo. Sch. Dist.*, 525 F.3d 682, 682 n.1 (1996) (per curiam) (noting that "travel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are more properly characterized as part of an attorney fee award" under § 1988); *Bricklayers & Allied Craftworkers v. ARB Constr., Inc.*, No. 13-3883, 2016 WL 4943254, at *10 (E.D. Pa. Sept. 15, 2016) (discussing costs under § 1988). Therefore, all requested costs, totaling $18,914.73, will be assessed against Swem. (Bill of Costs at 1.)

### III.  MOTION FOR NEW TRIAL

Swem moves for a new trial on liability under Rules 50(b) and 59 of the Federal Rules of Civil Procedure. (Reply Br. in Supp. of Swem's Post-Verdict Mot. at 1, May 29, 2017, Docket No. 346.) Rule 59(a)(1)(A) provides: "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which

a new trial has heretofore been granted in an action at law in federal court." A new trial is appropriate when, because of legal errors, the first trial "resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "The authority to grant a new trial is within the [Court's] discretion." *Id.*

Swem argues that the Court erred in declining to submit to the jury the question of whether he was acting under color of state law. In support, Swem reiterates the argument he made and the Court rejected at various points during this case. At summary judgment, the Court found that Swem was acting under color of state law because "Swem was only able to allegedly harass Jenkins because of the collaboration between the USFWS and the University" and "Swem's actions took place while he was cloaked with authority provided to him by the University . . . as a mentor and supervisor for Jenkins." *Jenkins*, 131 F. Supp. 3d at 875. Swem raised the same argument in opposing Jenkins's motion in limine seeking to preclude Swem from arguing that he was not acting under color of state law. (*See* Response to Pl.'s Mot. in Limine – Color of State Law, Feb. 26, 2017, Docket No. 264.) The Court granted Jenkins's motion in limine on the issue, relying on its decision at summary judgment. (Min. Entry, Mar. 3, 2017, Docket No. 275.) Finally, Swem made the same argument in his Request for Permission to File Reconsideration Request regarding the Court's decision on the motion in limine. (Req. for Permission to File Recons. Req., Mar. 8, 2017, Docket No. 277.) The Court denied Swem's request, finding Swem raised no new argument or facts and did not alter the Court's initial conclusion on the issue. (Order at 2, Mar. 13, 2017, Docket No. 290.)

Swem still provides no new evidence, arguments, or law calling into question the Court's reasoning or suggesting that the Court's decision was erroneous. Moreover, the Court properly decided this issue as a matter of law rather than submitting it to the jury. *See* 8th Cir. Civil Jury Instr. 4.20 comment ("The court should, if possible, rule on the record whether the conduct of the defendant, if it occurred as claimed by the plaintiff, constitutes acting under color of state (county, municipal) law and should not instruct the jury on this issue."); *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003) ("Although 'it is possible to determine . . . whether a person acted under color of state law as a matter of law, there may remain in some instances unanswered questions of fact regarding the proper characterization of the actions for the jury to decide.'" (alteration in original) (quoting *Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980)). Accordingly, the Court finds no miscarriage of justice warranting a new trial, and the Court will deny Swem's motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jenkins's Motion for Attorneys' Fees and Costs [Docket No. 325] is **GRANTED in part and DENIED in part.** Defendant Ted Swem is ordered to pay attorneys' fees and costs in the following amounts:

    a. $231,619.41 to the Joseph A. Larson Law Firm PLLC,

    b. $73,383.80 to Nichols Kaster PLLP,

      c.     $18,954.73 in costs as submitted to the court.

The Court directs the Clerk's Office to enter **JUDGMENT** accordingly.

    2.     Swem's Motion for New Trial [Docket No. 336] is **DENIED**.

DATED: October 13, 2017            _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.            JOHN R. TUNHEIM  
                                                                Chief Judge  
                                             United States District Court